**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 11-61400-CIV-DIMITROULEAS/SNOW

| | |
|---|---|
| RUSSELL FULLER, on behalf of himself and all others similarly situated, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CHINA FIRE & SECURITY GROUP, INC., XIANGHUA LI, BRIAN LIN, GUOYOU ZHANG, ALBERT MCLELLAND, WEISHE ZHANG, WEIGANG LI, YINQING LI, AMBER PARENT LIMITED, AMBER MERGERCO, INC., and BAIN CAPITAL PARTNERS LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT .............................................................................................................................. 5

I.    The PSLRA's Automatic Stay Applies Because Plaintiff Asserts Claims Under
      the Exchange Act............................................................................................................. 5

II.   Even if This Court Does Not Grant Automatic Stay Under the PSLRA, It Should
      Stay Proceedings Pursuant to Its Inherent Authority ........................................... 9

      A.  The First Two Factors Are Inapplicable ................................................... 12

      B.  The Remaining Factors Favor Stay .......................................................... 13

CONCLUSION ........................................................................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Allen v. La. State Bd. of Dentistry*, 835 F.2d 100 (5th Cir. 1988)................................................. 17

*Allied Mach. Serv., Inc. v. Caterpillar Inc.*, 841 F. Supp. 406 (S.D. Fla. 1993).......................... 14

*Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320 (11th Cir. 2004) ...................10, 11, 12

*AvMed Inc. v. Sheridan Healthcorp, Inc.*, No. 09-23851-CIV, 2010 WL 3008811
 (S.D. Fla. July 28, 2010) ......................................................................................................... 15

*Boettcher v. IMC Mort. Co.*, 871 So. 2d 1047 (Fla. 2d DCA 2004) ........................................... 15

*Bosdorf v. Beach*, 79 F. Supp. 2d 1337 (S.D. Fla. 1999) ............................................................ 14

*Cal. Pub. Empl. Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004) ...................................... 7

*In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676 (D. Md. 2000) ................................. 6

*In re Cogent, Inc. S'holder Litig.*, 7 A.3d 487, 509 (Del. Ch. 2010) ........................................... 16

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ..........*passim*

*In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160 (C.D. Cal. 2008) ......... 6, 8

*In re DPL Inc. Sec. Litig.*, 247 F. Supp. 2d 946 (S.D. Ohio 2003) .............................................. 6

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003).................................................... 8

*Erickson v. Horing*, No. 99-1468, 2000 WL 35500986 (D. Minn. Oct. 23, 2000)....................... 7

*Fisher v. Kanas*, No. 06-cv-1187, 2006 WL 2239038 (E.D.N.Y. Aug. 4, 2006) ..................... 6, 7

*Hilliard v. Black*, 125 F. Supp. 2d 1071 (N.D. Fla. 2000)......................................................... 6

*Int'l Ins. Co. v. Johns*, 874 F.2d 1447 (11th Cir. 1989).............................................................. 15

*Kadel v. Flood*, No. 10-12220, 2011 WL 2015379 (11th Cir. May 24, 2011) ............................. 7

*Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640, 2011 WL 835811
 (N.D. Cal. Mar. 4, 2011) ..................................................................................................... 9, 16

*Krieger v. Atheros Communications, Inc.*, No. 11-CV-00640 (N.D. Cal. Apr. 22, 2011)............. 9

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ................................................................................. 9

*Leaderstat, LLC v. Abisellan*, No. 8:06-cv-1337, 2007 WL 5433486
(M.D. Fla. Jan. 24, 2007) ...................................................................12, 13, 14

*Lee Mem. Health Sys. v. Med. Sav. Ins. Co.*, No. 2:04-cv-445, 2006 WL 3231388
(M.D. Fla, Nov. 7, 2006) ........................................................................ 13

*Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325 (S.D. Fla. 2002) .................................. 11

*In re Marvell Tech. Grp. Ltd. Derivative Litig.*, No. C-06-03894, 2007 WL 1545194
(N.D. Cal. May 29, 2007) ......................................................................... 7

*Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717 (S.D. Cal. 1996) ................... 7

*Merrill Lynch Pierce, Fenner & Smith v. Dabit*, 547 U.S. 71 (2006) ........................... 5

*Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994 (11th Cir. 2004) ....................... 12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ......................... 12, 16

*Newby v. Enron Corp.*, 338 F. 3d 467 (5th Cir. 2003) ........................................... 6, 7

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, 645 F. Supp. 2d 210
(S.D.N.Y. 2009) ................................................................................ 7

*Rambaran v. Park Square Enters., Inc.*, No. 6:08-cv-247-Orl-19GJK,
2008 WL 4371356 (M.D. Fla. Sept. 22, 2008) ............................................ 10, 12, 13, 14

*Rivera v. Healthcare Services Grp.*, No. 8:10-cv-1019, 2010 WL 2553606
(M.D. Fla. June 23, 2010) ...................................................................... 15

*Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998) ...................................... 14

*SG Cowen Sec. Corp. v. U.S .Dist. Ct. for the N. Dist. of Cal.,* 189 F. 3d 909
(9th Cir. 1999) ................................................................................ 8

*In re Trump Hotel S'holder Derivative Litig.*, No. 96 Civ. 7820, 1997 WL 442135
(S.D.N.Y. Aug. 5, 1997) ........................................................................ 8

*Santiago v. Wm. G. Roe & Sons*, No. 8:07-CV-1786, 2008 WL 2944921
(M.D. Fla. July 29, 2008) ...................................................................... 8

*Shallal v. Elson*, No. 98-8739-CIV, 1999 WL 33957906 (S.D. Fla. Apr. 12, 1999) ................... 13

*Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536 (M.D. Fla. 1994) .................... 10

*Sides v. Simmons*, No. 07-80347-CIV, 2007 WL 3344405 (S.D. Fla. Nov. 7, 2007).................. 13

*TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438 (1976) ........................................... 16

*Venezia Resort, LLC v. Favret*, 3:07CV74/MCR/EMT, 2007 WL 1364342
    (N.D. Fla. May 8, 2007) ........................................................................15, 16

## STATUTES

15 U.S.C. § 78u-4(b)(3)(B)..............................................................................1, 5, 7

28 U.S.C. § 1367(c) ...................................................................................... 8

Fed. R. Civ. P. 9(b).................................................................................... 7

H.R. Conf. Rep. No. 104-369 (1995) ............................................... 6

## PRELIMINARY STATEMENT

This is a paradigmatic "tag-along" action that serves no other purpose than to burden Defendants and this Court with duplicative litigation of claims already being adjudicated in state court.  As such, it should be stayed.  Like his state-court predecessors, Plaintiff here seeks to enjoin a proposed transaction whereby, subject to shareholder approval, Bain Capital Partners, LLC ("Bain Capital"), through various associated entities, will acquire all outstanding shares of China Fire & Security Group, Inc. ("China Fire" or the "Company").  If approved by a majority of disinterested shareholders, the public shareholders will receive a 44% cash premium for their shares compared to the market price of the shares before public announcement of the transaction. No fewer than seven other putative class actions – including one filed almost three months before this one – are now pending in Florida state courts.  The operative complaints in all actions, including this one, stem from the same underlying facts, contain essentially the same substantive allegations, assert substantially similar claims, seek the same relief on behalf of the same putative class (of which Plaintiff purports to be a member), and name some or all of the same defendants.  Plaintiff, however, in a transparent and vain effort to differentiate his case from the earlier-filed actions, has added *individually* asserted federal securities claims to his *class-wide* state law claims.

Neither Defendants nor the Court should be forced to expend valuable time and resources responding to such lawyer-driven maneuvering.  *First*, Plaintiff's claims are subject to the automatic stay of all proceedings and discovery mandated by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) pending resolution of the motions to dismiss that Defendants intend to file.  *Second*, even were a stay not mandated by federal law, this Court has inherent authority to stay the action in the interest of justice and judicial economy. Applying the well-established *Colorado River* analysis, this case clearly parallels the state

actions and presents the requisite circumstances warranting temporary deference to state court adjudication. Thus, whether through the automatic stay or the exercise of its inherent authority, this Court should put a stop to Plaintiff's brazen attempt to game the court system.

**FACTUAL BACKGROUND**

Defendant China Fire is a Florida corporation primarily engaged in the design, manufacture and sale of fire safety products and services. (*See* Affidavit of Jorge D. Guttman, dated July 15, 2011 ("Guttman Aff.") Ex. 1, Preliminary Proxy filed June 10, 2011 (the "Preliminary Proxy") at 18). The Company is headquartered in Beijing and conducts substantially all of its operations in China. (*See* Guttman Aff. Ex. 2, at 4, 21.) Defendants Weigang Li, Brian Lin, Weishe Zhang, Guoyou Zhang, Yinqing Li, Xianghua Li, and Albert McLelland (collectively, the "Individual Defendants") are the Company's directors. Defendant Bain Capital, a Delaware limited liability company based in Boston, is "a private investment firm with approximately $65 billion in assets under management." (Compl. ¶ 24.)

On March 7, 2011, the Company issued a press release announcing that it had received an offer from a private equity fund to acquire all shares of its outstanding stock and that the proposed transaction might be structured such that Company management could acquire shares of the post-acquisition company. (*See* Guttman Aff. Ex. 3.) On April 1, 2011, the first of eight currently pending putative class action suits brought on behalf of Company shareholders, *Brown v. China Fire & Security Group, Inc. et al.*, Case. No. 11-7745 09, was filed in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. (Guttman Aff. Ex. 4.) The *Brown* complaint alleges that the Company and the Individual Defendants breached their fiduciary duties by failing to disclose material facts surrounding the acquisition proposal and seeks, among other things, to enjoin any resulting transaction. (*See Id.* at ¶¶ 40-48.) On May 11, 2011, another putative class action, *Thomasson v. China Fire & Security Group, Inc. et al.*, Case.

No. 11-10923 07, making the same allegations against the Company and Individual Defendants and seeking the same relief, was filed in Broward County.  (*See* Guttman Aff. Ex. 5.)

On May 20, 2011, China Fire announced that it had entered into an agreement with Defendant Amber Parent Limited ("Parent"), an affiliate of Defendants Bain Capital and Amber Mergerco., Inc. ("Merger Sub") to, subject to the approval of a majority of disinterested shareholders, exchange all outstanding shares of Company stock for $9.00/share, a 44% premium over the closing price on March 4, 2011 and a 38% premium over the Company's 90-day trading volume weighted average price calculated as of May 19, 2011 (the "Proposed Transaction").  (*See* Guttman Aff. Ex. 6.)  The agreement is subject to an additional 55-day "go shop" period during which the Company can solicit superior offers, and contains a customary "fiduciary out" provision whereby the Board can withdraw its support for the agreement should it determine that its fiduciary duties so require.  (Preliminary Proxy at 25-27.)

Five additional putative class actions closely followed the Company's May 20, 2011 announcement.  On May 27, 2011, *Kashef. v. China Fire & Security Group, Inc.*, Case No. 50 2011CA 007884, was filed in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  (*See* Guttman Aff. Ex. 7.)  Like the instant action, the *Kashef* complaint names Bain Capital, Parent, and Merger Sub as defendants on an aiding and abetting theory of liability and, like *Brown* and *Thomasson*, seeks to enjoin the Proposed Transaction.  On May 31, 2011, *Ernst v. China Fire & Security Group, Inc. et al.*, Case. No. 11-12317 07, was filed in Broward County against China Fire, the Individual Defendants, and several Bain entities, making the same substantive allegations and asserting the same breach of fiduciary duty and aiding and abetting claims as those asserted here.  (*See* Guttman Aff. Ex. 8.)  That same day, a fifth putative class action, *Roche v. Lin, et. al.*, Case No. 11-12471 07, was filed in Broward County making

the same claims arising from the same alleged facts.  (*See* Guttman Aff. Ex. 9.)  Two days later, on June 2, 2011, a sixth suit contesting the Proposed Transaction, *Tessitore v. Amber Mergerco Inc., et al.*, Case No. 11-12536 02, was filed in Broward County.  (*See* Guttman Aff. Ex. 10.)  On June 8, 2011, a seventh suit, *Hersh v. Amber Mergerco Inc., et al.*, Case No. 11-13037 02, was also filed in Broward County.  (*See* Guttman Aff. Ex. 11.)

On June 10, 2011, the Company filed a Preliminary Proxy describing the Proposed Transaction with the Securities and Exchange Commission.  (*See* Guttman Aff. Ex. 1.)  Shortly thereafter, plaintiffs in four of the state actions filed amended complaints alleging, like Plaintiff here, that the Preliminary Proxy was materially false and misleading. (*See* Compl. ¶¶ 9, 52-56; *see also* Guttman Aff. Exs. 12. (Ernst Amended ¶¶ 17, 61-63), 13. (Tessitore Am. Compl. ¶¶ 4, 62-75), 14. (Roche Am.  Compl. ¶¶ 7, 47-51), 15. (Kashef Am. Compl. ¶¶ 11, 67-68).

Finally, on June 22, 2011, almost three months after the *Brown* complaint was filed and served, Plaintiff filed the instant action making the same fundamental allegations as all seven previously-filed state actions, but recast as two federal and two state-law claims.  The federal claims, which Plaintiff alleges only on his own behalf, assert violations of Sections 14(a) and 20(a) of the Securities Exchange Act (the "Exchange Act") due to alleged omissions in the Preliminary Proxy.  (Compl. ¶¶ 57-71.)  The remaining claims, which Plaintiff purports to assert on behalf of all Company shareholders, precisely duplicate the fiduciary duty and aiding and abetting claims asserted in the state court actions.  (Compl. ¶¶ 72-84.)

Meanwhile, litigation of the multiple state actions — brought on behalf of the same class of shareholders seeking to enjoin the same merger — is well underway.  On June 23, 2011, defendants China Fire and Albert McLelland moved to transfer the Palm Beach action to Broward County or stay pending adjudication of the earlier-filed Broward County actions.  (*See*

Guttman Aff. Ex. 16.)  In the meantime, all six pending Broward County actions were assigned

to Judge Streitfeld of the Complex Commercial Unit.  On July 11, 2011, Judge Streitfeld

consolidated all the Broward County actions and appointed lead plaintiff and lead counsel.  (*See*

Guttman Aff. Ex. 17.)  Expedited discovery has commenced in the consolidated action and a

preliminary injunction hearing is scheduled to occur on September 6, 2011.  (*See* Guttman Aff. ¶

20.)  Meanwhile, on July 7, 2011, this Court granted Defendants' Agreed Motion for

Enlargement of Time to Respond to Class Action Complaint, extending Defendants' time to

respond to the instant action to September 2, 2011.  (*See* Guttman Aff. Ex. 18.)

## ARGUMENT

Two grounds independently justify staying this litigation.  Under the PSLRA, the Court

should stay the action during the pendency of motions to dismiss that Defendants intend to file.

Under its *Colorado River* authority, the Court should stay this action until the state actions are

resolved.  Because it is not certain at this point which of these two stays would be extinguished

last, Defendants request the Court to enter both stays.

**I.    The PSLRA's Automatic Stay Applies Because Plaintiff Asserts Claims Under the Exchange Act**

Plaintiff's strategic decision to secure a federal forum for his duplicative lawsuit comes at

a price.  The PSLRA automatically stays suits, like this one, alleging Exchange Act violations

where, as here, defendants have indicated their intent to file for dismissal of the action.  *See*

15 U.S.C. § 78u-4(b)(3)(B) ("In *any* private action arising under this chapter, all discovery and

other proceedings shall be stayed during the pendency of any motion to dismiss. . . .")  (emphasis

added).  Congress enacted the PSLRA to address certain abuses in the securities lawsuits,

including "nuisance filings . . . vexatious discovery requests, and 'manipulation by class action

lawyers of the clients whom they purportedly represent. . . .'"  *Merrill Lynch Pierce, Fenner &*

*Smith v. Dabit*, 547 U.S. 71, 81 (2006) (quoting H.R. Conf. Rep. No. 104-369, p.31 (1995)).  In

particular, Congress intended the discovery stay "to prevent costly extensive discovery and

disruption of normal business activities until a court could determine whether a filed suit had

merit. . . ."  *Newby v. Enron Corp.*, 338 F. 3d 467, 471 (5th Cir. 2003) (internal quotation and

citation omitted).  Stay is appropriate under the PSLRA even before a motion to dismiss has been

filed, so long as such a motion is likely.  *See In re DPL Inc. Sec. Litig.*, 247 F. Supp. 2d 946,

947 n.4 (S.D. Ohio 2003) ("Courts have held that the stay provision applies not only when a

defendant has moved to dismiss a federal securities law claim, but also when it is anticipated that

such a motion will be filed in the future."); *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F.

Supp. 2d 676, 683 (D. Md. 2000) (finding that discovery stay applied when defendant "probably

intends to file a Motion to Dismiss" to ensure that the court assessed the sufficiency of the

complaint); *Fisher v. Kanas*, No. 06-cv-1187, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006)

("Courts have held [that] the automatic stay provision of the [PSLRA] is triggered by the mere

indication by defense of its intention to file a motion to dismiss." (internal quotation and citation

omitted)).  Here, because Plaintiff alleges Exchange Act claims and Defendants intend to seek

dismissal, this suit is subject to the PSLRA's automatic stay.

Plaintiff's apparent attempt to avoid the PSLRA's discovery stay by alleging securities

law violations individually rather than on behalf of a putative class is unavailing.  Federal courts,

including those in this district, have uniformly found that the discovery stay applies to individual,

non-class, securities law causes of action.  *See, e.g.*, *Hilliard v. Black*, 125 F. Supp. 2d 1071,

1084 (N.D. Fla. 2000) (finding discovery stay applied to individual securities fraud action and

staying Rule 26 Initial Disclosures); *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.

Supp. 2d 1160, 1179 (C.D. Cal. 2008) (finding discovery stay applied to individual causes of

action alleged under 10b, 20(a), 20A, and 14(a)); *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 722 (S.D. Cal. 1996) (applying discovery stay to 13(d) claim for failures to disclose); *In re Marvell Tech. Grp. Ltd. Derivative Litig.*, No. C-06-03894, 2007 WL 1545194, at *2 (N.D. Cal. May 29, 2007) (discovery stay "applies to any private action arising under the Securities and Exchange Act of 1934," including individual derivative action alleging violations of 10b, 20(a), and 14(a)) (internal quotation omitted); *Fisher*, 2006 WL 2239038, at *2 (finding individual plaintiff's 14(a) and 20(a) claims subject to the PSLRA's discovery stay); *Erickson v. Horing*, No. 99-1468, 2000 WL 35500986, at *6 (D. Minn. Oct. 23, 2000) ("As numerous courts have observed, the plain meaning of this broader language [15 U.S.C. § 78u-4(b)(3)(B)] renders th[is] provision[] applicable to individual as well as class suits." (collecting citations)).[1]  The reason is simple and derives from the plain language of the statute.  Section 21D(a) of the Exchange Act applies to "each private action arising under this title that is brought as a plaintiff class action," 15 U.S.C. § 78u-4(a)(1), while Section 21D(b) — including the stay of discovery under Section 21D(b)(3)(B) — applies to "any private action arising under this title in which the plaintiff alleges" material falsehoods or omissions.  15 U.S.C. § 78u-4(a)(1); *see also Newby*, 338 F.3d at 473 (noting that the "any private action" language applies the discovery stay to "non-

---

[1]     Additionally, the plaintiff cannot so easily avoid the heightened pleading standards under the PSLRA by alleging 14(a) and 20(a) violations while accusing the defendants of material omissions arising from motives of personal gain to, in part, "seek[] to shed the Company's public shareholders at a time when the Company's stock price is temporarily depressed," (Compl. ¶¶ 52-53); *see Cal. Pub. Empl. Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 144-45 (3d Cir. 2004) (finding that 14(a) claims "must meet the PSLRA particularity requirements" if the plaintiff grounds the claim on fraud); *Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, 645 F. Supp. 2d 210, 226 (S.D.N.Y. 2009) ("when plaintiffs assert Section 14(a) claims grounded in alleged fraudulent conduct, they are subject to heightened pleading requirements, . . .even if they disclaim reliance on a fraud theory." (internal quotations and citation omitted)); *see also Kadel v. Flood*, No. 10-12220, 2011 WL 2015379, at *2 (11th Cir. May 24, 2011) (finding that the PSLRA altered Fed. R. Civ. P. 9(b) particularity requirements by mandating that a securities fraud complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  (quoting 15 U.S.C. § 78u-4(b)(1)(B)).

class action federal securities suits").  That Plaintiff's federal claims are individually asserted is therefore no bar to the PSLRA's automatic stay.

Nor can Plaintiff bypass the automatic discovery stay by including pendant state law class action claims.  Courts have roundly rejected such gamesmanship.  *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1180 (C.D. Cal. 2008) (finding that the discovery stay included a stay of the plaintiffs' state law derivative claims); *see also SG Cowen Sec. Corp. v. U.S .Dist. Ct. for the N. Dist. of Cal.,* 189 F. 3d 909, 913 n.1 (9th Cir. 1999) ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims.")(internal quotation omitted); *In re Trump Hotel S'holder Derivative Litig.*, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (staying pendent state law claims because "[h]aving chosen to invoke Section 14 of the Exchange Act, plaintiffs are necessarily subject to the PSLRA").  This Court should do the same.

Moreover, as China Fire expects to argue in its forthcoming motion to dismiss, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which plainly duplicate the claims asserted in no fewer than seven earlier-filed state court actions. Plaintiff's individual federal claims are the "federal tail" wagging "what is in substance a state dog" that is properly addressed by state courts in the first instance.  *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003); *Santiago v. Wm. G. Roe & Sons*, No. 8:07-CV-1786, 2008 WL 2944921, at *1 (M.D. Fla. July 29, 2008) (declining supplemental jurisdiction *sua sponte* where the "state law claims are the real body of this case, to which the [federal] claim[s] [are] only an appendage."); *see also* 28 U.S.C. § 1367(c) ("district courts may decline to exercise

supplemental jurisdiction . . . if (1) the claim raises a novel or complex issue of State law [or] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. . . .").  That state law claims predominate is amply demonstrated by Plaintiff's choice to assert only state law claims on behalf of a putative class.  Moreover, as Florida courts have rarely addressed the scope of the fiduciary duty owed by directors of Florida corporations to their shareholders in a merger context, Plaintiff's duplicative state law claims are uniquely suited to state court adjudication.[2]

In short, this suit is nothing more than a lawyer-driven effort to force Defendants to litigate substantively identical actions in separate fora.  This is precisely the type of vexatious behavior the PSLRA is intended to prevent, and as such, should not be countenanced by this Court.

## II.   Even if This Court Does Not Grant Automatic Stay under the PSLRA, It Should Stay Proceedings Pursuant to Its Inherent Authority

Should the Court decide not to apply the PSLRA's automatic stay, the Court should nonetheless exercise its inherent power to stay this action pending resolution of the state court actions.  The Court's inherent power to stay proceedings in the interests of justice and judicial economy is well-established.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of

---

[2]     Further, even if the Court neither applies the PSLRA to Plaintiff's state law claims nor dismisses them *sua sponte*, it should stay them pursuant to the *Colorado River* doctrine (discussed in detail in Part B below).  In this respect, this case is no different from the recently-decided *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640, 2011 WL 835811, at *6-9 (N.D. Cal. Mar. 4, 2011), in which a federal plaintiff filed individual claims under sections 14(a) and 20(a) of the Exchange Act along with state law class action claims, *id.* at *2.  One month prior, five separate shareholder class action suits had been filed in Delaware state court seeking the same relief under state law against substantially the same defendants.  *Id.* at *2, *8.  Defendants moved to stay, but did not raise any argument under the PSLRA.  Because the federal plaintiff's state law class claims were duplicative of those actions, the state court actions had been consolidated and a lead plaintiff assigned, and the state court provided adequate protection of the federal plaintiff's rights as a shareholder, the Court ordered the federal plaintiff's state law class action claims stayed pursuant to *Colorado River*.  *Id.* at * 8-9.  The Court subsequently stayed the plaintiff's federal claims pursuant to the PSLRA.  *Krieger v. Atheros Communications, Inc.*, No. 11-CV-00640, at *3 (N.D. Cal. Apr. 22, 2011).  This case is nearly identical, and should meet a similar end.

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Rambaran v. Park Square Enters., Inc.*, No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356, at * 2 (M.D. Fla. Sept. 22, 2008) ("Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court") (internal quotation omitted); *Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994) ("[A] court may exercise its inherent discretionary authority to stay cases to control its docket and in the interests of justice and efficiency.")  The Eleventh Circuit has stated that where, as here, there is parallel state litigation, the Court is to be guided by the abstention factors outlined in the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) in determining whether to stay proceedings.  *See Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (the "*Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues").  Under *Colorado River*, a stay is warranted where (1) the federal and state actions are parallel and (2) "exceptional circumstances" favor delay.  *See id.* at 1328 ("federal courts can abstain to avoid duplicative litigation with state courts only in 'exceptional' circumstances").  Here, both conditions are met.

The federal and state actions are plainly parallel.  In both instances, plaintiffs purport to represent the same class (China Fire shareholders), the actions are predicated on the same underlying facts (negotiation and announcement of the Proposed Transaction), make substantially similar claims (fiduciary duty and disclosure claims and attendant aiding and abetting claims), and seek the same relief (injunction, accounting, and incidental damages) against all named parties (the Company, the Individual Defendants, Bain Capital and its

affiliates). (*See* Guttman Aff. Exs. 4-5, 7-15); *see also Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1327 (S.D. Fla. 2002) ("Exact parallelism between the two actions, however, is not required; merely the existence of substantially the same parties litigating substantially the same issues in different fora must be present."); *Ambrosia*, 368 F. 3d 1320, at 1330 (same). Even the alleged omissions in the Preliminary Proxy, which form the basis of Plaintiff's individually asserted federal claims, overlap with those asserted in the state actions. These include the charge that the Preliminary Proxy does not adequately detail:

- Barclays' October 2010 selection of potential buyers (Fuller Compl. ¶54(a); Tessitore Am. Compl. ¶72; Roche Am. Compl. ¶49(h), Kashef Am. Compl. ¶67(v));

- The Board's discussions with a prospective multinational buyer in April 2010 (Fuller Compl. ¶54(b); Roche Am. Compl. ¶48(a));

- The basis for entering into exclusivity agreements with Bain Capital in 2011 (Fuller Compl. ¶54(c-d); Tessitore Am. Compl. ¶69(h); Roche Am. Compl. ¶49(k), (m));

- The rationale for accepting the $9.00/share price contemplated by the Proposed Transaction (Fuller Compl. ¶54(e); Roche Am. Compl. ¶48(j));

- Potential conflicts between alleged insiders and public shareholders (Fuller Compl. ¶54(g); Roche Am. Compl. ¶49(p-q)); and

- How the Company chose its financial advisor (Fuller Compl. ¶ 54(h); Ernst Am. Compl. ¶62(a); Tessitore Am. Compl. ¶65; Roche Am. Compl. ¶49(a-c), (f); Kashef Am. Compl. ¶¶67(xviii-xix)).

The remaining substantive allegations in both the federal and state actions are virtually identical, namely that:

- The merger consideration is inadequate (Fuller Compl. ¶¶5, 39; Ernst Am. Compl. ¶¶ 9, 60; Tessitore Am. Compl. ¶53; Roche Am. Compl. ¶¶3, 33; Kashef Am. Compl. ¶¶1, 69-71, 75-76);

- There are "impermissible" deal-protection devices (Fuller Compl. ¶7; Ernst Am. Compl. ¶¶13-14, 58-59; Tessitore Am. Compl. ¶¶58-61; Roche Am. Compl. ¶¶41-46; Kashef Am. Compl. ¶¶9-10, 72-74));

- Certain Company insiders will benefit at the expense of shareholders (Fuller Compl. ¶6; Ernst Am. Compl. ¶9; Tessitore Am. Compl. ¶¶3, 51-52; Roche Am. Compl. ¶4, 36-40); Kashef Am. Compl. ¶¶5-6, 63-66)); and

- The Company's Special Committee process was flawed (Fuller Compl. ¶ 44; Ernst Compl. ¶ 5)).

That the federal and state actions are parallel, and the first step of the *Colorado River* analysis is satisfied, is thus beyond dispute.

This case also presents exceptional circumstances that warrant a stay.  Determination of whether exceptional circumstances exist requires a balancing of six non-exclusive factors: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.  *See Ambrosia*, 368 F.3d 1320, at 1331.  Additionally, the Court should consider whether the federal suit constitutes vexatious or reactive litigation. *See Rambaran*, 2008 WL 4371356, at *3.  The Supreme Court has clarified that this balancing test "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).  While the decision to stay proceedings should not be taken lightly, "[o]ne factor alone can be the sole motivating reason for the abstention."  *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004); *Leaderstat, LLC v.* Abisellan, No. 8:06-cv-1337, 2007 WL 5433486, at *2 (M.D. Fla. Jan. 24, 2007) (same).

Here, as detailed below, most factors support staying proceedings, while the remaining few are either neutral or inapposite.

### A.     The First Two Factors Are Inapplicable

The first *Colorado River* factor, whether one of the courts has assumed jurisdiction over

property, is inapplicable as this is not a proceeding *in rem*.  *See Lee Mem. Health Sys. v. Med. Sav. Ins. Co*., No. 2:04-cv-445, 2006 WL 3231388, at *1 (M.D. Fla, Nov. 7, 2006) (holding that "The first factor is inapplicable because neither actions are proceedings *in rem*.") (internal citation omitted).  The second factor regarding relative convenience of the fora is neutral because this Court and the Florida state court proceedings in Broward County and Palm Beach County are located in close proximity to each other.  *See Rambaran*, 2008 WL 4371356, at *4 ("When the federal and state courts are located in the same geographical area, courts routinely deem this factor to be neutral.")

### B.     The Remaining Factors Favor Stay

The third factor – avoiding piecemeal litigation – is alone sufficient to warrant a stay.  As detailed above, the state actions involve nearly identical claims asserted against nearly identical parties based on the exact same underlying facts, and parallel adjudication threatens to waste the valuable time and resources of all involved – including the Court.  *See Sides v. Simmons*, No. 07-80347-CIV, 2007 WL 3344405, at *3 (S.D. Fla. Nov. 7, 2007) ("The danger of piecemeal litigation is great as the issues being litigated in state court mirror those issues being litigated in federal court. . . . To allow litigation in this Court, while the same litigation is pending in state court, will require twice the resources:  two discoveries, two trials and possibly two conflicting decisions based on the same evidence"); *Leaderstat,* 2007 WL 5433486, at *3 ("Because the plaintiff seeks to force the defendant to defend two identical lawsuits in two different forums at unnecessary inconvenience and expense, a distinct danger of oppressively duplicative, piecemeal litigation exists.  The third factor weighs strongly in favor of a stay"); *Shallal v. Elson*, No. 98-8739-CIV, 1999 WL 33957906, at *4 (S.D. Fla. Apr. 12, 1999) ("Piecemeal litigation results when the federal and state courts are adjudicating the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results.")  Further,

because Plaintiffs' disclosure, breach of fiduciary duty, and aiding and abetting claims are already squarely before the state court, there is obvious potential for inconsistent rulings. *See Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1344 (S.D. Fla. 1999) (granting stay after finding strong possibility that adjudication would "duplicate the efforts of the state court, potentially reaching a different conclusion on identical facts.") This danger "looms particularly ominously in the class action context, where the potential for inefficiency is acute." *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998). Moreover, adjudication of the state court actions would likely preclude most, if not all, of Plaintiff's claims. *See Allied Mach. Serv., Inc. v. Caterpillar Inc.*, 841 F. Supp. 406, 408 (S.D. Fla. 1993) (observing that stay under such circumstances would avoid "the kind of wasteful, duplicative adjudication the abstention doctrine was created to prevent.").

The order in which each forum obtained jurisdiction also favors staying this action. This factor is designed to protect "the neutrality of the federal system . . . consistent with long-standing judicial notions of issue and claim preclusion" by disfavoring a race to judgment in parallel actions. *Sides*, 2007 WL 3344405, at *4. Here, Plaintiff filed suit after *all seven* state actions were filed, and nearly three months after the first suit. Moreover, while there have been virtually no substantive filings in the instant case, the state court actions have steadily progressed towards resolution: the six Broward County actions have already been consolidated, lead plaintiff and lead counsel have been appointed, and expedited discovery is underway. *Cf. Rambaran*, 2008 WL 4371356, at *7 (applying stay where state court action was filed one month earlier and "the proceedings have also progressed significantly farther in the state case than in the instant case."); *Leaderstat*, 2007 WL 5433486, at *3 (the fourth factor favored stay where state court action was filed three months earlier).

14

The fifth factor -- whether state or federal law applies to the merits -- similarly favors staying the instant action. *All* of Plaintiff's class-wide allegations are predicated on state law, which thus governs the lion's share of this action. Furthermore, as shown above, the individually asserted federal claims are also premised on the exact same alleged omissions already at issue in the state court proceedings. As Florida courts have only rarely faced disclosure and fiduciary duty claims regarding Florida corporations in the context of a merger transaction, these claims present important issues of state law that should be addressed by state courts in the first instance. *See Venezia Resort, LLC v. Favret*, 3:07CV74/MCR/EMT, 2007 WL 1364342, at *7 (N.D. Fla. May 8, 2007) (explaining that while "only in rare circumstances will the presence of a state law issue weigh in favor of a stay. . . when an action involves complex questions of state law which would best be resolved by the state court, the requisite 'rare circumstances' exist.").

It is also very likely that the same substantive law will be applied to both the federal and state disclosure claims. *See AvMed Inc. v. Sheridan Healthcorp, Inc*., No. 09-23851-CIV, 2010 WL 3008811, at *7 (S.D. Fla. July 28, 2010) (issuing stay where federal court had exclusive jurisdiction over plaintiff's antitrust claim but "the state law is substantially similar to and provides for the same relief as the federal law"); *Rivera v. Healthcare Services Grp.,* No. 8:10-cv-1019, 2010 WL 2553606 at *3-4 (M.D. Fla. June 23, 2010) (stay warranted where same analytical framework applied to both state and federal claims). Florida courts routinely turn to Delaware for guidance when interpreting Florida's corporate law. *See Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1459 n.22 (11th Cir. 1989) ("We rely with confidence upon Delaware law to construe Florida corporate law"); *Boettcher v. IMC Mort. Co.*, 871 So. 2d 1047, 1052 n.5 (Fla. 2d DCA 2004) (observing that Florida courts routinely consult Delaware case law when construing Florida statutory law governing corporations). Delaware courts, in turn, apply the

same standard of materiality used by federal courts when adjudicating disclosure claims. *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 439 (1976) (in Section 14(a) claims, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *In re Cogent, Inc. S'holder Litig.*, 7 A.3d 487, 509 ( Del. Ch. 2010) ("The objective definition of materiality employed by Delaware courts is adopted from the United States Supreme Court's decision in *TSC Industries v. Northway, Inc.*"). Thus, not only do state law claims predominate in this action, even the disclosure claims providing Plaintiff's sole basis for federal jurisdiction will be addressed using the same standards applicable in state court.

The sixth factor also favors stay because Plaintiff's allegations and requested relief are substantively no different than those at issue in the state court actions, and the state court is expeditiously adjudicating them. *See Venezia*, 2007 WL 1364342, at *7 ("The final factor, the adequacy of the state forum, operates against the surrender of federal jurisdiction only where the state forum may not be adequate to adjudicate the claims"); *Krieger v. Atheros Commcn's Inc.*, No. 11-CV-00640, 2011 WL 835811, at *8 (N.D. Cal. Mar. 4, 2011) (sixth factor favors stay where "[t]here is no relief sought in the federal action that cannot be obtained, based on similar allegations and legal theories, in the [state] action.") Moreover, Plaintiff is a member of the putative class in the state actions, and as such "his rights and interests will be fully protected in those proceedings." *Krieger*, 2011 WL 835811 at *8. The consolidation of the six Broward County actions and the commencement of expedited discovery in that consolidated proceeding demonstrates that the Florida state court is attentively and efficiently adjudicating this matter.

Finally, stay is warranted because this case represents a clear instance of vexatious litigation. *See Moses H. Cone,* 460 U.S. 1, at 17 n.20 ("the vexatious or reactive nature of either

CASE NO. 11-61400-CIV-DIMITROULEAS/SNOW

the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*"); *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir. 1988) (affirming the district court's stay where the sequence of events indicated that the plaintiff's federal suit was 'vexatious and reactive'). This duplicative action only exists because Plaintiff was late to the table in state court, and is plainly the result of forum shopping.

In substance, this suit is nothing more than a blatant attempt to repackage in federal garb identical facts and issues already being adjudicated in state court. Accordingly, even if the Court finds the PSLRA inapplicable, the demonstrated circumstances warrant a stay of all proceedings.

## CONCLUSION

For all the foregoing reasons, this action should be stayed during the pendency of motions to dismiss that Defendants intend to file and pending resolution of the state actions.

## CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

I HEREBY CERTIFY that I have conferred with Juan E. Monteverde, Esq., counsel for Plaintiffs, in a good faith effort to resolve the issues raised in this Motion, and have been unable to do so.

CASE NO. 11-61400-CIV-DIMITROULEAS/SNOW

Respectfully submitted,

/s/ Jorge Guttman_____

WILLIAM K. HILL, P.A.

OF COUNSEL:

Stephen D. Hibbard
Admitted *pro hac vice*
E-mail:  SHibbard@shearman.com
SHEARMAN & STERLING LLP
525 Market Street
San Francisco, CA 94105
(415) 616-1174

Paula Anderson
Admitted *pro hac vice*
E-mail:  Paula.Anderson@shearman.com
W. Owen Russell
E-mail:  Owen.Russell@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

Florida Bar No. 747180
E-mail:  whill@bilzin.com
JORGE D. GUTTMAN, ESQ.
Florida Bar No. 015319
E-mail:  jguttman@bilzin.com
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, 23rd Floor
Miami, FL  33131-2336
Telephone:  (305) 374-7580

*Attorneys for Defendants China Fire &*
*Security Group, Inc. and Albert McLelland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Jorge Guttman_____

Jorge D. Guttman

18

CASE NO. 11-61400-CIV-DIMITROULEAS/SNOW

## SERVICE LIST

**Emily Cornelia Komlossy**
*Attorneys for Plaintiff*
*Russell Fuller*
Faruqi& Faruqi, LLP
3595 Sheridan Street
Suite 206
Hollywood, FL 33021
954-239-0280
Fax: 954 239-0281
Email: ekomlossy@faruqilaw.com


**Joseph Ianno, Jr.**
*Attorneys for Defendants Amber Mergerco, Inc.,*
*Amber Parent Limited, and Bain Capital Partners, LLC*
Carlton Fields
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401-6350
Tel: (561) 650-8008
Fax: (561) 659-7638
Email: jianno@carltonfields.com