IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

IN RE CHINA FIRE & SECURITY GROUP, INC. SHAREHOLDER LITIGATION

Case No. 11-7745 (07)

_____/   CLASS ACTION

**PRELIMINARY SETTLEMENT APPROVAL AND SCHEDULING ORDER**

The parties to the above-captioned consolidated action (the "Action"), having entered into a Stipulation of Settlement, dated September 2, 2011 (the "Stipulation"), which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement") and which provides for dismissal of the Action on the merits and with prejudice,

**NOW,** upon consent of the parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

**IT IS HEREBY ORDERED** this ___ day of September, 2011, that:

1. Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Stipulation.

2. For purposes of settlement only, pursuant to Rules 1.220(b)(1) and (b)(2) of the Florida Rules of Civil Procedure, the Action shall be certified as a class action on behalf of a class consisting of all record holders and beneficial owners of the common stock of China Fire & Security Group, Inc. ("China Fire") who held such shares on May 20, 2011 (the date that the proposed Transaction was publicly announced) through and including the date of the consummation of the Transaction, including the legal representatives, heirs, successors, successors in interest, predecessors, predecessors in interest, trustees, executors, administrators, transferees and assigns, and any person or entity acting for or on behalf of all such foregoing holders and/or owners, immediate and remote, excluding Defendants and any person, trust,

1

EXHIBIT B

corporation or other entity related to or affiliated with any of them and their successors in interest. The Court conditionally certifies Lead Plaintiff Jay Ernst as Class representative and his counsel, Robbins Geller Rudman & Dowd LLP, as Counsel for the Class.

3. A hearing (the "Settlement Hearing") pursuant to Rule 1.220(e) of the Florida Rules of Civil Procedure shall be held on November 18, 2011 at 3:00 p.m. in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Broward County Courthouse, 201 S.E. 6th Street, Courtroom 970, Fort Lauderdale, Florida 33301, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class;

    b. determine whether the Order and Final Judgment (Exhibit C to the Stipulation) should be entered, *inter alia*, dismissing the Action with prejudice and on the merits, and extinguishing and releasing any and all Settled Claims as against any and all Released Persons; and

    c. rule on such other matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the Settlement Hearing, , without further notice to the Class of any kind.

5. The Court reserves the right to finally approve the Settlement at or after the Settlement Hearing with such modification as may be consented to by the parties to the Stipulation and without further notice to the Class.

6. At least forty-five (45) days before the Settlement Hearing, China Fire or its successor shall, at its expense, cause a Notice of the Settlement Hearing in substantially the form annexed as Exhibit B-1 to the Stipulation (the "Notice") to be sent by United States mail, postage pre-paid, to each Class Member who was a record holder of China Fire common stock at

his/her/its last known address appearing in the stock transfer records maintained by or on behalf of China Fire. China Fire or its successor, at its expense, shall also give notice to such Class Members by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests additional copies for distribution to beneficial owners. Requests for additional copies may be made to:

*China Fire & Security Group, Inc. Shareholder Litigation*
Notice Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

7. The Court approves, in form and content, the Notice and finds that the giving of notice as specified herein meets the requirements of the Florida Rules of Civil Procedure and due process, is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing and all other matters referred to in the Notice to all persons entitled to receive notice of the Settlement Hearing. Defendants or their counsel shall, no later than ten (10) days before the Settlement Hearing directed herein, file an appropriate affidavit of proof of mailing of such notice.

8. Any Member of the Class who objects to the Stipulation, the Settlement, the Order and Final Judgment proposed to be entered in the Action,, or who otherwise wishes to be heard, may appear in person or by counsel at the Settlement Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person other than Class Counsel and counsel for Defendants in the Action shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered, except by Court order for good cause shown, unless not later than fourteen (14) days prior to the Settlement Hearing such person files with the Court and serves upon counsel listed below:

    a.    a written notice of intention to appear;

    b.    a detailed statement of such person's specific objections to any matters before the Court;

    c.    proof of membership in the Class; and

    d.    the grounds for such objections and the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider.

Such filings shall be served by U.S. Mail, overnight mail or hand delivery upon each of the following counsel prior to filing such documents with the Court and then filed with the Clerk of the Court, Broward County Courthouse, located at 201 S.E. 6th Street, Fort Lauderdale, Florida 33301:

Stuart A. Davidson
ROBBINS GELLER RUDMAN
  & DOWD, LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432

William K. Hill
Bilzin Sumberg Baena Price
  & Alexrod LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336

Joseph Ianno, Jr.
Carlton Fields
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401-6350

9. Unless this Court otherwise directs, no Member of the Class or other person shall be entitled to object to the approval of the Settlement, the Order and Final Judgment entered herein, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed in Paragraph eight (8) herein. Any person who fails to object in the manner described above shall be deemed to have waived the right to object, including any right of appeal, and shall be forever barred from raising such objection in this or

any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action.

10. All papers in support of the settlement shall be filed and served fourteen (14) calendar days prior to the deadline for Class Members to object to the settlement; and reply briefs or other papers supporting the settlement shall be filed and served seven (7) calendar days before the Settlement Hearing

11. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), any Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for Defendants' obligation to pay for any expenses incurred in connection with the Notice provided for by the Stipulation.  In that event, neither the Stipulation nor any provision contained therein except as stated herein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission offered or received as evidence at any proceeding in this Action or any other action or proceeding.

12. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the Stipulation and the Settlement should be approved, Lead Plaintiff, and all Members of the Class, are barred and enjoined from commencing or prosecuting any action in any forum asserting any claims that are, or relate in any way to, the Settled Claims as defined in the Stipulation.  Any such proceeding

pending in another state or federal forum shall be stayed pending the outcome of the Settlement Hearing on the fairness of the Settlement reached on behalf of the Class.

13. Neither the Stipulation nor any provision contained in the Stipulation, nor any negotiations, statements or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Lead Plaintiff, the Defendants, any Class Member, or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any Member of the Class, or any other person, has or has not suffered any damage.

14. The Court retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this _____ day of _____, 2011.

*Jeffrey E. Streitfeld*
SEP 0 9 2011
**A TRUE COPY**

JEFFREY E. STREITFELD
CIRCUIT COURT JUDGE

Copies furnished to:
　All counsel of record